IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNNECTICUT

| | |
|---|---|
| SUBVERSE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>EMILY MOLLI and ROCCO CASTORO<br><br>Defendants. | Index No. 21-<br><br>ECF |

## COMPLAINT

Plaintiff Subverse Inc. through its majority owners, and through its attorneys, respectfully file this Complaint against the Defendants named herein. The allegations in the Complaint are based on the knowledge of Plaintiff's majority shareholders Timothy Pool and William Ottman, as to themselves, evidence presented and sent to the Plaintiff by the Defendants, and on the investigation of counsel, as to all other matters presented herein.

## PRELIMINARY STATEMENT

1.  Plaintiff Subverse Inc. is a Connecticut Corporation, formed with the intent of bringing independent unbiased reporting and news to the internet. It was formed by three individuals who have had varying degrees of success with such previous endeavors. The founding shareholders of Subverse, Inc. are Timothy Pool who holds an eighty five percent (85%) interest, William Ottman who holds a ten percent (10%) interest, and the Defendant Emily Molli who owns a five percent (5%) interest.

2.  In 2019 the shareholders undertook to raise money through WeFunder, a "crowdfunding" website, and successfully raised over one million dollars to fund its startup costs. Subverse,

Inc., though its corporate counsel has filed the appropriate paperwork with the U.S. Securities and Exchange Commission.

3. On or about January 1, 2020, the primary shareholders of Subverse hired defendant Rocco Castoro to act as the content editor of the online news service.   Defendant Castoro was an at will employee for the Plaintiff.   The website that publishes Subverse Inc's journalistic material is knows as SCNR.com.

4. On January 6, 2021 both Defendants Molli and Castoro produced quite of bit of content in 2019 were reporting from the United States Capitol, at which time they began broadcasting information they knew to be private information from a third party that they knew could be defamatory and or false.   Both Defendants were told by the Plaintiff's majority shareholders, Timothy ("Tim") Pool and William ("Bill") Ottman to cease what they were doing.   Despite being told cease these activities, the Defendants continued to publish this material on Twitter and other public websites.   As a result of their activities each of the Defendants were discharged by the Plaintiff's senior management.   The Plaintiff's majority shareholders have requested a return of the Plaintiff's assets on more than one occasion. Instead of returning the assets, which consists of professional camera equipment and editing equipment, and access to the website itself, the Defendants sent a document purporting to be a Board Resolution appointing themselves as the new management of Subverse, Inc.   This simple fact in and of itself demonstrates the Defendants true intent, to highjack the Plaintiff Company and its' website for their own purposes.   Only Defendant, Emily Molli has any shares in the Plaintiff company, and no other shareholders were allowed to vote on this purported resolution.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the claims asserted by Plaintiff pursuant to 28 U.S.C. § 1332(a)(1), as this action involves claims between citizens of different States and the amount in controversy is over $75,000. Certain of the relief requested by Plaintiff in this action is authorized by 28 U.S.C. §§ 2201 and 2202 (declaratory relief, and other necessary or proper relief based upon a declaratory judgment).

6. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated, in this District, and pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendants are subject to the court's personal jurisdiction with respect to this civil action.

## JURY DEMAND

7. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

8. The Plaintiff, Subverse, Inc., is a Connecticut Corporation that was formed in 2019 with the intent of providing an unbiased news reporting service. Subverse, Inc. operates a news website, under the name "SCNR,com" that was actively publishing news documentaries as recently as January 2021.

9. Defendant Emily Molli (hereinafter "Molli"), a resident of Los Angeles, California is a minority shareholder of the Plaintiff corporation and was employed as a reporter for SCNR until January 7, 2021.

3

10. Defendant Rocco Castoro (hereinafter "Castoro") is a resident of Los Angeles California and was employed as an editor/reporter for SCNR until January 7, 2021.

## STATEMENT OF FACTS

11. Subverse, Inc. ("Subverse") is an online website that has described itself as a Community-owned, decentralized news network. The company operates a web-based news service known as SCNR.

12. Subverse was formed in Connecticut Corporation, with the idea to bringing unbiased reporting and news to the internet by three professionals who have Timothy Pool, William Ottman, and the Defendant Emily Molli who owns a five percent (5%) interest.

13. The Plaintiff's three founders immediately realized that their idea needed funding if Subverse was to succeed.    As such, the three founders had their corporate counsel file a notification with the SEC in July 2019 of the Plaintiff's intent to raise money through "crowd funding" under the Regulations CF and D and the JOBS Act of 2012.    The plaintiff though the crowd funding website, WeFunder, raised over one million dollars in August 2019.

14. Shortly after the founding of Subverse, Inc., Defendant Molli became one of its lead reporters.    Realizing that the content that Defendant Molli and others were creating needed editing, Subverse hired Defendant Castoro to become SCNR content editor.

15. Both Defendants, Molli and Castoro were at will employees.    Both Defendants received a salary.    Unlike Defendant Molli, Rocco Castoro has no equity interest in the Plaintiff company and has never held a seat on its Board of Directors.

16. For approximately a year Defendants Molli and Castoro produced usable content for the Plaintiff.  Their reported stories and videos were posted thought the Plaintiff's SCNR.com website and through the Plaintiff's channel on YouTube.com.

4

17. On or about January 6, 2021, the Defendants were in Washington D.C. creating a documentary about former President Donald Trump's rally.   During the historic events at the United States Capitol, the Defendants began to disseminate private and inappropriate information which belonged to a third party.  Each was directly told to stop these activities by Subverse's largest shareholder and CEO, Tim Pool.   This request was made both verbally and followed up with email communications.   Those requests were ignored and disregarded by the Defendants.

18. Instead of addressing the concerns raised by Tim Pool, the Defendants ignored good faith communication and began acting as if Subverse Inc. and its website, SCNR.com were their own.   The Defendants also took all the Plaintiff's professional video, computers and editing equipment to their new home in California, and to date have refused to return the equipment.

19. The Defendants had access to the Plaintiff's bank accounts, ostensibly with the purpose of continuing to produce content for the Plaintiff's SCNR website, until early January 2021. Instead of producing additional or new content, in the middle of 2020, the Defendants began to use the money that had been raised to launch Subverse as if it were their own.   Defendant Molli began to use the money as if it were her own.    She made unauthorized withdrawals and gave money or hired individuals, which directly contradicted the instructions she had been given by the Plaintiff's senior management.

20. Because of the unauthorized use of the Plaintiff's funds and the dissemination of private or defamatory information that did not belong to Defendants, the Plaintiff's CEO Timothy Pool terminated the Defendants employment on or about January 7, 2021.

21. The Plaintiff terminated the Defendants access to bank accounts on or January 8, 2021.   By then however, the Defendants had made many unauthorized withdrawals for their own benefit.

22. Instead of addressing the issues presented by Subverse and its' management team, the Defendants have made overt efforts to take over the Plaintiff and its business through a series of bogus transactions.

23. On or about March 1, 2021, the Defendants Molli and Castoro attempted to remove Tim Pool as the Plaintiff's Chief Executive Officer ("CEO"), during which they attempted to make Defendant Molli the new CEO. A copy of the minutes of that "meeting" was sent via electronic mail to Tim Pool on or about March 1, 2021.

## COUNT ONE
### (Fraud as against All Defendants)

24. Paragraphs 1 through 23 of the Complaint are realleged and incorporated into this Count as if fully set forth herein.

25. At this time, Defendant Molli has been unjustly financially enhanced through the fraudulent using Plaintiff's funds for their own benefit and are the monies wrongfully taken from Subverse' s accounts are due and payable to the Plaintiff.

26. As a direct and proximate result of Defendants' actions, Plaintiffs have been caused to suffer money damages, together with interest, costs and legal fees.

## COUNT TWO
### (Unjust Enrichment as against All Defendants)

27. Paragraphs 1 through 26 of the Complaint are realleged and incorporated into this Count as if fully set forth herein.

28. As a direct and proximate result of Defendants acts, conduct and omissions, Defendants have been enriched to the detriment of Plaintiff. As a result, Plaintiffs have been caused to suffer money damages.

## COUNT THREE
### (Bad Faith as against All Defendants)

29. Paragraphs 1 through 28 are incorporated herewith in the Third Count.

30. The defendants engaged in deceptive conduct out of self-interest, with the intent to mislead or deceive the Plaintiff into letting them steal the Company and its assets . As a result of the defendants' bad faith conduct, the Plaintiff has suffered damages.

31. Under the original formation documents, Defendant Molli, as an Officer and Director of Subverse has or had a fiduciary duty to use reasonable efforts to use the Plaintiff's resources only for the Company's benefit.    She did not.

32. Instead of using the money and corporate resources for the Plaintiff's benefit, the Defendants have taken and used it as if it was their own.


**WHEREFORE**, Plaintiffs pray for the following relief:

On the Three Claims for Relief, that this Court issue:

1. a mandatory injunction compelling Defendants Molli and Castoro from interfering with Subverse, Inc. normal course of business; and

2. a Declaratory Judgment that the Defendants do not have the power to elect a new Board of Directors as they lacked a quorum and did not have the requisite number of shares to vote for any resolution;

3. On the First and Second Count or Claims for Relief, that this Court award Plaintiff Subverse, Inc. damages against Defendants Rocco and Castoro in an amount to be determined by a jury; but in no event shall it be less than an amount no less than one million two

7

hundred thousand ($1,200,000) against all Defendants for Counts
One and Two;

4. That the Plaintiff's video equipment, computer records including
   digital records and video footage, access to the SCNR website and
   other accounts, including but not limited to Twitter accounts be
   returned to the Plaintiff immediately;

5. Pre-judgment interest;

6. Post-judgment interest; and

7. Such other relief that the Court may award that is just and equitable.

THE PLAINTIFF,

SUBVERSE, INC.

By: *Kevin T Duffy, Jr*
Kevin T. Duffy, Jr., Esq.
CT Federal ID No. 28134

DUFFY & STAAB LLC
Attorneys at Law

165 West Putnam Road, Suite 2R
Greenwich, CT 06830
Tel.: (203) 531-3300
Fax: (203) 813-5661

8

Page Intentionally Left Blank

Page Intentionally Left Blank

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

----------------------------------------------------------x
SUBVERSE, INC,
                Plaintiff,                         ECF

                                                        Index Number: 21 cv

      -against-                                        _____


EMILY MOLLI and ROCCO CASTORO
                        Defendants.
----------------------------------------------------------x

## AFFIDAVIT IN SUPPORT

      I, Timothy Pool ("Tim Pool"), being duly sworn, deposes and states under the penalties of perjury:

1.     I am a founder and the majority owner of Subverse, Inc. I developed the Subverse, Inc. media website, now operating as SCNR.com with the hope that it would one day be a premium news medium outlet.

2.     At some point in 2018, I approached, William Ottman about the prospect of starting an independent online news service. I have had previous success in such endeavors having been one of the founders of Vice News. I have also been involved in other startup businesses and to this day continue to run several of them.

3.     Over approximately the next year, I continued to talk with Bill Ottman about starting an independent online news service that would eventually become Subverse, Inc.

4.     During 2019, I spoke with a young reporter/acquaintance named Emily Molli about joining the Subverse venture. She happily agreed. As part of her compensation, she was given a 5% in Subverse, Inc. and was appointed to the Board of Directors.

5.     Soon thereafter, we filed paperwork to form Subverse, Inc. with the State of Connecticut. The paperwork for forming Subverse was approved by the Connecticut Secretary of State, on or about June 5, 2019. A copy of the Connecticut Secretary of State's C.O.N.C.O.R.D. filing is attached here as EXHIBIT A.

11

6.   Like every other newly formed business I knew that Subverse would need initial capital and funds to get off the ground.  Given the complexities and expense with starting such a venture I knew that an endeavor such as Subverse needed more than a few thousand dollars to begin operating.

7.   On or about June 7, 2019, our attorneys filed the paperwork with the United States Securities & Exchange Commission to raise money through Crowdfunding.

8.   In late July or early August 2019, Subverse entered into an agreement to raise capital with a Crowdfunding website known as WeFunder.   Through the use of that Crowdfunding website Subverse was able to raise more than one million dollars in a very short time.

9.   Sometime in 2019 I discovered that the Subverse name had been used by an adult website for a pornographic game.   Because of this fact, the Board of Directors of Subverse obtained the use of the website SCNR.com, for its online news service.

10.   On or about January 1, 2020 we hired Rocco Castoro, who had been the Editor in Chief of similar online news websites, as the one we were trying build with SCNR.com    Defendant Castoro was hired as a salaried, at will employee and does not hold an equity interest in Subverse.   Although discussed, Mr. Castoro has never been a member of Subverse' s Board of Directors.

11.   Defendants Molli and Castoro received a salary throughout their tenure with Subverse.   They were the only employees, shareholders or officers of Subverse to have such an arrangement.    Neither Bill Ottman or myself ever received money from the Plaintiff company for our time or efforts.

12.   Throughout the end of 2019 and throughout 2020, Molli, Castoro and I made concerted efforts to get Subverse to the point where it was an income positive self-sustaining entity.

13.   On January 6, 2021,  I became aware of a situation wherein the Defendants Molli and Castoro were posting private information from a website or server on a third party web-site that had absolutely nothing to do with Subverse

14.   I sent Emily Molli an email or text asking her to call me or contact me.  A copy of my request to contact me is attached herewith as EXHIBIT B.  I never received a response.

15.   Shortly after, Defendant Molli flew to California.

16.   The Defendants Castoro and Molli have virtually all of the video and computer equipment that was brought by Subverse and have despite repeated requests

12

from Bill Ottman, myself and our attorneys, the Defendants have heretofore refused to return any of it.

17.   On or about February 22, 2021 I sent a notice to Defendant Molli that it was our intention to hold a Board of Directors meeting.   At the time the Board of Directors consisted of the three founders of Subverse; Bill Ottman, Emily Molli and myself.   Ms. Molli did not attend that meeting.   I later found out in a document she forwarded to me that the reason for not attending the meeting was that she was "protesting" it.

18.   Instead of addressing the situation regarding Subverse, Defendants Castoro and Molli have embarked upon a campaign to try to smear me personally, including making absurd accusations about a house pet to a major news organization.   None of these allegations and attempted smears has anything to do with Subverse or the Plaintiff's request to have its property returned to it. To date every request made by the Plaintiff or me have been ignored.

19.   To my knowledge no shareholder meeting was ever held in regard to the Board of Director's Resolutions I received from Defendant Molli.

20.   On or about March 1, 2021, I was sent an email with an attachment that purportedly is a copy of the minutes of "Board of Directors Meeting" held without myself or William Ottman being noticed.   A copy of that email is attached herewith as EXHIBIT C.   The attachment to that email is attached herewith as EXHIBIT D.

21.   In Exhibit D, Defendant Molli, apparently with the assistance of Defendant Rocco, attempted to remove me as a Director and CEO of Subverse for the following reasons, a few of which I will address herein.

   a.  "Pool held a meeting without a quorum."   This fact is on its face is false.   I held a meeting with Bill Ottman on or about February 22, 2021.    Between us we hold a 95% interest in Subverse and were 2 of 3 members of the Board.    There was a quorum at that meeting.
   b.  Emily Molli was invited to attend the meeting on February 22, 2021 but chose to "protest(ed) and did not attend the meeting."   As such, her vote was marked as "abstained."
   c.  Defendant Rocco Castoro has never held an equity interest in Subverse and has never been a member of the Board of Directors.
   d.  I am uncertain what the unexplained allegations that I used "botnets" means.   I did not use my personal brand to inflate anything.   I passionately believed and continue to believe that the country needs independent journalists to cover events.

22.   Exhibit D, continues further to make accusations that are unfounded and untrue.   Suffice it say I am fully able to prove that the allegations made

against me therein are false and were made with the sole purpose of trying get William Ottman and I to walk away from Subverse and to let the Defendants have free reign over what was left.

23. Exhibit D states that there was to be a shareholders meeting on March 12, 2021. Suffice it to say, I am unaware if any such meeting was ever held.

24. Bill Ottman and I continue to hold 95% of Subverse's equity. It is our intention to rectify the problems and issues that were foisted upon it by Defendants Molli and Castoro over the last year.

25. All of the allegations made against me in Exhibit D are false and made by people who apparently believe that they can make wild accusations without being able to back up what they say. I am not cut of the same cloth. I can and will back up anything I say in a court of law.

26. While it is lamentable that Subverse's relationship with Defendants Molli and Castoro has not worked out, I understand that I have a continuing obligation to Subverse. That is apparently something that Emily Molli and Rocco Castoro do not share with me. It is very apparent that they will say anything, even if false and defamatory, and even it hurts other people and investors.

Dated: April 15 2021

Timothy Pool

Sworn to me before this /e day of April 2021

Notary Public

JAMES T. BENTON
NOTARY PUBLIC
FREDERICK COUNTY
MARYLAND
MY COMMISSION EXPIRES JANUARY 27, 2023

14

# Exhibit A

Annual Report

165 CAPITOL AVENUE
P.O. BOX 150470
HARTFORD, CT 06115-0470

```
FILING #0007209615 PG 1 OF 3
      VOL A-00754 PAGE 0860
   FILED 03/08/2021 03:40 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

1.  Name of Corporation:                      SUBVERSE INC.

2.  Business ID:                              1311514

3.  Report due in the month of:              March, 2021

4.  NAICS Code:                               512110 (Motion Picture and Video Production)

    Changes:

5.  This Corporation is:                      DOMESTIC/STOCK
    Fee is:                                   $150.00
    Corporate Name:                           SUBVERSE INC.
    Mailing Address:                          29 NORTH MAIN STREET
                                              NORWALK,CT 06854 USA

    Changes:                                  615 WEST JOHNSON AVE
                                              STE 202
                                              CHESHIRE,CT 06410 USA

6.  Principal Office Address:                 29 NORTH MAIN STREET
                                              NORWALK,CT 06854 USA

    Changes:                                  615 WEST JOHNSON AVE
                                              STE 202
                                              STE 202
                                              CHESHIRE,CT 06410 USA

7.  Executive Office Address (Foreign Corps
    Only):

    Changes:

8.  Principal Office in State of Formation (Foreign
    Corps Only):

    Changes:

9.  Attached hereto are the officers and directors of the corporation with their business and residence addresses.

FILING #0007209615 PG 2 OF 3
VOL A-00754 PAGE 0861
FILED 03/08/2021 03:40 PM
SECRETARY OF THE STATE OF CONNECTICUT

10. Agent Information

| | |
|---|---|
| Agent Type: | BUSINESS |
| Agent Name: | UNITED STATES CORPORATION AGENTS, INC. |
| Agent's Business Address: | 615 WEST JOHNSON AVE STE 202<br>CHESHIRE,CT 06410 |
| Agent's Residence Address: | |
| Agent's Mailing Address: | 615 WEST JOHNSON AVE STE 202<br>CHESHIRE,CT 06410 |
| Agent's Business Address Changes: | |
| Agent's Residence Address Changes: | |
| Agent's Mailing Address Changes: | |
| Name of person accepting appointment:<br>Title:<br>Signature Accepting Appointment: | |

(if agent is a business also print name and title of person signing)

11. Date:      03/08/2021

12. Email Address:      bill@subverse.net

13. I hereby certify and state, under penalties of false statement, that all of the information set forth on this annual report is true. I hereby electronically sign this report.

Print Capacity:      CIO

Signature of Authorizer:      WILLIAM OTTMAN

Report Officers/Directors
Business ID : 1311514

```
FILING #0007209615 PG 3 OF 3
     VOL A-00754 PAGE 0862
   FILED 03/08/2021 03:40 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

1.  Full Legal Name:    TIM POOL
    Title(s):    CEO
    Residence Addr:    149 GRANT AVE
    DEPTFORD,NJ 08096 USA

    Business Addr:    29 NORTH MAIN STREET
    NORWALK,CT 06854 USA

    Res Changes:

    Bus Changes:

2.  Full Legal Name:    ~~EMILY MOLLI~~
    Title(s):    ~~CCO~~
    Residence Addr:    ~~149 GRANT AVE~~
    ~~DEPTFORD,NJ 08096 USA~~

    Business Addr:    ~~29 NORTH MAIN STREET~~
    ~~NORWALK,CT 06854 USA~~

    Res Changes:

    Bus Changes:

3.  Full Legal Name:    ~~WILLIAM OTTMAN~~
    Title(s):    ~~CIO~~
    Residence Addr:    ~~5 BRAYBOURNE DRIVE~~
    ~~NORWALK,CT 06855 USA~~

    Business Addr:    ~~29 NORTH MAIN STREET~~
    ~~NORWALK,CT 06854 USA~~

    Res Changes:

    Bus Changes:

# Exhibit B

 Gmail

**Kevin Duffy <kevintduffyjr@gmail.com>**

## Fwd: Formal request for assets

**Bill Ottman** <bill@subverse.net>
To: "kevintduffyjr@gmail.com" <kevintduffyjr@gmail.com>

Mon, Apr 5, 2021 at 6:38 PM

---------- Forwarded message ---------
From: **Bill Ottman** <bill@subverse.net>
Date: Thu, Jan 14, 2021, 1:07 AM
Subject: Re: Formal request for assets
To: Rocco Castoro <rcastoro2@gmail.com>
Cc: Timothy Pool <tim@timcast.com>, Jeff Bekiares <jeff@founderslegal.com>, Emily Molli
<emilymollivideo@gmail.com>

Spending time and resources on legal options is not in anyone's interest and we are trying to avoid that path.

How can you justify this behavior? You don't control the company and Tim has repeatedly asked for the assets.

On Thu, Jan 14, 2021 at 12:59 AM Bill Ottman <bill@subverse.net> wrote:
> Rocco and Emily,
>
> Attached is the list of equipment. When will it be returned and when will you provide access to the company accounts and domains?
>
> Please immediately stop using company resources and let us know how we can bring this to a conclusion in 48 hours.
>
> We want to make this transition and move on, but if you don't work with us we have no choice but to pursue other options.

> On Tue, Jan 12, 2021 at 1:04 AM Rocco Castoro <rcastoro2@gmail.com> wrote:
>> Please stop harassing and threatening us.

>> On Jan 11, 2021, at 10:03 PM, Bill Ottman <bill@subverse.net> wrote:

>> Rocco,
>>
>> To make this easier, let's first deal with physical equipment. Please inform us how you would like to hand it over.
>>
>> Then we can deal with the remaining items.
>>
>> Thanks,
>>
>> Bill

>> On Tue, Jan 12, 2021 at 12:58 AM Rocco Castoro <rcastoro2@gmail.com> wrote:
>>> We are reporting this attempt at what we believe to be coercion to destroy evidence to the FBI and SEC.

2137a045b9&view=pt&search=all&permmsgid=msg-f%3A1696241881297983280&simpl=msg-f%3A16962418812

Do not write us again.

> On Jan 11, 2021, at 9:56 PM, Bill Ottman <bill@subverse.net> wrote:


Rocco,

To make this easier, let's first deal with physical equipment and login credentials to all accounts associated with both Subverse and SCNR. Please inform us how you would like to hand those over.

Then we can deal with the remaining items.

Thanks,

Bill

On Tue, Jan 12, 2021 at 12:42 AM Rocco Castoro <rcastoro2@gmail.com> wrote:
Re: reconciling outstanding invoices to vendors

We have zero obligation to you to settle your debts with vendors, which include video editors who have drives, due to your negligent actions toward the company and failure of your fiduciary duty. And neither Emily nor I had an intellectual property agreement in place. There were also numerous verbal and written promises of equity for me that must be addressed.

But first, we are acting under accordance with our fiduciary duties to Subverse Inc., alongside the public's interest, in the capacity of publishing the results of our investigation into Chinese national and alleged double agent Guo Wengui.

We look forward to a challenge on First Amendment grounds. You do not treat people like this.

Please do not write either of us again without learning the facts of this matter.

Rocco

> On Jan 11, 2021, at 9:30 PM, Rocco Castoro <rcastoro2@gmail.com> wrote:
>
> reconciling outstanding invoices to vendors

# Exhibit C

## k.duffy@duffystaab.com

| | |
|---|---|
| **From:** | Kevin Duffy <kevintduffyjr@gmail.com> |
| **Sent:** | Wednesday, March 17, 2021 6:28 PM |
| **To:** | Timothy Pool |
| **Cc:** | k.duffy@duffystaab.com |
| **Subject:** | Re: March 1 Special Meeting Minutes |

That what I wanted to see.

Sent from my mobile iPhone.

On Mar 17, 2021, at 6:25 PM, Timothy Pool <tim@timcast.com> wrote:

---------- Forwarded message ---------
From: **Emily Molli** <emilymollivideo@gmail.com>
Date: Wed, Mar 3, 2021 at 5:02 PM
Subject: March 1 Special Meeting Minutes
To: Timothy Pool <tim@timcast.com>, Rocco Castoro <rcastoro2@gmail.com>, Jeff Bekiares <jeff@founderslegal.com>

See Attached.
<Minutes for Special Meeting_March1.pdf>

# Exhibit D

ACTIONS OF THE BOARD OF DIRECTORS
OF
SUBVERSE INC.

*Taken at the Special Meeting Held on March 1, 2021 at 4pm (EST)*

Subverse Inc., a Connecticut corporation (the "***Company***"), pursuant to applicable provisions of the Connecticut Business Corporation Act (the "***Act***") and the Company's Bylaws, upon the duly affected call of the Chairman of the Company's Board of Directors (the "***Board***") and/or two Directors, held a special meeting of the Board as of the date written above.

The Special Meeting was held electronically, in accordance with the Bylaws and the Act. The Special Meeting was called to order, quorum was recorded, no valid objection to notice was heard and the business below as discussed and resolved by the Board.

**AGENDA for Special Meeting**

**1.     Quorum Call**.

Directors ROCCO CASTORO and EMILY MOLLI were in attendance via electronic participation. Mr. TIM POOL was not in attendance, nor did he respond to an electronic invitation to the Special Meeting.

**2.     Removal of TIM POOL as a Director.**

Specific reasons for TIM POOL's removal are:

(1) POOL held a meeting without a quorum

(2) acted in name of SUBVERSE INC. without authority, causing corporation to engage in illegal ULTRA VIRES actions;

(3) said actions included removal of director EMILY MOLLI

(4) POOL falsified records when he stated that MOLLI abstained from vote. MOLLI protested and did not attend the meeting.

(5) Evidence indicates POOL potentially used botnets to inflate the value of his personal brand and thus the corporation while raising money, which is an act of fraud.

(6) POOL also falsified records when he purported that CASTORO was not a director of the corporation and that OTTMAN remained a director.

**NOW, THEREFORE, BE IT RESOLVED**, the Board removes TIM POOL as a director for failure to conform to the standards for a director laid out in Connecticut statutes 33-756(a) and (b) and for violation of the duty of good faith and fair dealing.

**DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:**

**Rocco Castoro**
**Emily Molli**

**DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:**

**DIRECTORS ABSTAINING:**

3. **Removal of TIM POOL as CEO.**

**NOW, THEREFORE, BE IT RESOLVED**, the Board removes TIM POOL as Chief Executive Officer for the reasons laid out above.

**DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:**

**Rocco Castoro**
**Emily Molli**

**DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:**

**DIRECTORS ABSTAINING:**

4. **Placement of EMILY MOLLI as CEO.**

**NOW, THEREFORE, BE IT RESOLVED**, the Board places EMILY MOLLI into the position of Chief Executive Officer.

**DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:**

**Rocco Castoro**
**Emily Molli**

**DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:**

**DIRECTORS ABSTAINING:**

**5.** **Authorizing the CORPORATION to demand ACCOUNTING from former CEO and Director TIM POOL**

**NOW, THEREFORE, BE IT RESOLVED**, the Board authorizes the Corporation to demand ACCOUNTING from former CEO and Director TIM POOL.

### DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:

**Rocco Castoro**
**Emily Molli**

### DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:

### DIRECTORS ABSTAINING:

**6.** **Authorizing the corporation to sue for declaratory judgment regarding the removal of MOLLI from Board of Directors, the position of OTTMAN as a director and the current status of the Board of directors**

**NOW, THEREFORE, BE IT RESOLVED**, the Board authorizes the corporation to sue for declaratory judgment regarding the removal of EMILY MOLLI from Board of Directors, the position of WILLIAM OTTMAN as a director and the current status of the Board of Directors.

The validity of corporate action suit will be pursuant to Sec. 33-606g. Judicial proceeding regarding the validity of corporate action.

### DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:

**Rocco Castoro**
**Emily Molli**

### DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:

### DIRECTORS ABSTAINING:

**7.** **Rescheduling the Annual Shareholders meeting.**

**NOW, THEREFORE, BE IT RESOLVED**, the Annual Shareholders meeting will be held on March 12, 2021 at 4PM EST.

**8.** **Adding to the written record of the company.**

**NOW, THEREFORE, BE IT RESOLVED**, the following will be added to the written record of the company:

I, EMILY MOLLI, believe that the purported meeting set for February 25, 2021 at 4PM EST exposes TIM POOL and the corporation to criminal liability under U.S. code, title 18, sections 1510 and 1519 pertaining to destruction of evidence and obstruction of justice. ROCCO CASTORO and I seek to protect the Corporation and its officers from such charges.

The reasons I believe this are that during investigations, CASTORO and I discovered that TIM POOL may have fraudulently increased the number of views on his youtube channel and was using those numbers to raise funds for Subverse, Inc. On Sept. 8, 2020, at a corporate meeting attended by Mr. POOL, we informed Mr. POOL of suspicious activity regarding domains on a Media Temple account to which he is registered to. We audio recorded the meeting with POOL's consent.

I obtained evidence via access to records in a Media Temple account I was made an administrator to on June 25, 2019. Months ago, I downloaded evidence and informed CASTORO. Since then, Mr. POOL terminated my access to these records in an attempt to obstruct any investigation of this matter. Further analysis of the matter via a computer security expert resulted in the discovery of a botnet. As directors, we believe this use of a botnet constitutes wire fraud under U.S. code, title 18 section 1343 and related laws.

CASTORO reached out to Jeff Bekiares of Founders Legal on January 10, 2021 to inform him of this situation. On January 11, we informed a Special Agent with the FBI Washington Field Office. On Monday February 22, Mr. POOL purported to call a meeting of the Board of Directors of Subverse, Inc. which also purported to name Mr. WILLIAM OTTMAN as director. After receiving this notice, I notified the Enforcement Division of the Securities and Exchange Commission. CASTORO and I believe the purpose of this meeting is to (1) limit our access to the books and records of the corporation to limit our access to the evidence in this matter and (2) potentially destroy it. We are concerned about the corporation's liability for these actions under title 18 U.S. code sections 1510 and 1519.

We also believe that Mr. POOL's assertion that Mr. WILLIAM OTTMAN is a director and his exclusion of Mr. ROCCO CASTORO as a listed director in his meeting is an attempt to gain control of the company and remove us from the Board of Directors. Such an action may be an act that could be construed by the authorities under US Code, title 18 section 371, again exposing the Corporation and its officers to legal liability.

Directors CASTORO and MOLLI objected to the meeting because its purpose appeared to be to commit criminal acts, specifically, violations of 18 USC 1510 and 1519 involving obstruction of justice and destruction of evidence and would expose some directors and persons purporting to be directors to criminal liability. Such acts are not allowed under Connecticut laws. We have looked at the requirements of our actions and we refuse to participate.

First, a lack of a quorum. Mr. OTTMAN was removed as a director on 4/25/2020. Mr. POOL himself does not constitute a majority of the board of directors.

Second, CT. law 33-756 says directors must act in good faith and in a manner that is in the best interests of the corporation. This false meeting is designed to exclude two directors from the Board so as to obstruct an investigation into the doings of the CEO. On 11 January, Directors MOLLI and CASTORO informed the Federal Bureau of Investigation of Mr. POOL's activities using a botnet.

After the issuance of the notice of this purported meeting, Directors MOLLI and CASTORO also made reports to the Securities and Exchange Commission. Any action to remove them as directors is an act violating 18 US code 1510 and 1519 and is therefore outside of the power of the corporation to do.

Finally, any person working with any person, as legal advisor, director or purported director to take any of these actions could also cause the corporation to be in violation of the federal conspiracy statute 18 USC 371.

We therefore object to this meeting and will bring suit in Connecticut Courts to challenge any action taken at this meeting which is beyond the corporation's ability to lawfully act.

**FOR THE RECORD**, the above statement was sent to Jeff Bekiares of Founders Legal, Wylie Stecklow, who purports to be representing Pool in some regard, Tim Pool, and William Ottman prior to the meeting held by Pool and Ottman on February 25, 2021.

### DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:

**Rocco Castoro**
**Emily Molli**

### DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:

### DIRECTORS ABSTAINING:

9. **Remove TIM POOL from all corporate offices if he has others.**

> **NOW, THEREFORE, BE IT RESOLVED**, the board moves to remove POOL from all corporate offices if he has others.

### DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:

**Rocco Castoro**
**Emily Molli**

### DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:

DIRECTORS ABSTAINING:

10. <u>**Removal of TIM POOL'S right to enter into contracts on behalf of the corporation.**</u>

**NOW, THEREFORE, BE IT RESOLVED**, the Board moves to remove POOL's right to enter into contracts on behalf of the corporation.

**DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:**

**Rocco Castoro**
**Emily Molli**

**DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:**

**DIRECTORS ABSTAINING:**

11. <u>**Scheduling the Annual Shareholders Meeting.**</u>

**NOW, THEREFORE, BE IT RESOLVED**, the Board moves schedule the Annual Shareholders Meeting to be held on March 12, 2021.

**DIRECTORS VOTING TO APPROVE THE FOREGOING RESOLUTIONS:**

**Rocco Castoro**
**Emily Molli**

**DIRECTORS VOTING AGAINST THE FOREGOING RESOLUTIONS:**

**DIRECTORS ABSTAINING:**

\*\*\*\*\*\*

CERTIFIED:

*March 1, 2021*

_____
Emily Molli, Director