EMILY MOLLI (In Pro Per)
2699 1/2 N Beachwood Dr. Ste 420
Los Angeles, CA 90068
(847) 909-0337
EmilyMolliVideo@gmail.com

ROCCO CASTORO (In Pro Per)
2699 1/2 N Beachwood Dr. Ste 420
Los Angeles, CA 90068
(352) 538-6846
RCastoro2@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUBVERSE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EMILY MOLLI and ROCCO CASTORO<br><br>Defendants. | **Case No. 3:2021-cv-00555**<br><br>[Assigned for all purposes to Hon. Alvin W. Thompson, Dept. ▓]<br><br>**DEFENDANTS EMILY MOLLI AND ROCCO CASTORO'S ANSWER TO COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Action Filed: April 22, 2021<br><br>Trial Date: None Set |

Defendants Emily Molli and Rocco Castoro (collectively, "Defendants") answer Plaintiff Subverse, Inc.'s ("Plaintiff") Complaint as follows as to each and every cause of action:

## PRELIMINARY STATEMENT

1. In answer to paragraph 1 of the Complaint, Defendants admit.

2. In answer to paragraph 2 of the Complaint, Defendants admit.

3. In answer to paragraph 3 of the Complaint, Defendants admit.

4. In answer to paragraph 4 of the Complaint, Defendants deny that they were terminated because they "began broadcasting information they knew to be private information from a third party that they knew could be defamatory and or [sic] false." In fact, Defendants were wrongfully terminated by Plaintiff due to their raising numerous complaints about Timothy Pool's unlawful conduct. With respect to the return of Plaintiff's "assets," Defendants have attempted to work with Plaintiff to return certain physical equipment but, due to certain acts or omissions by Plaintiff, Pool, and their purported agents, have been unable to do so. Defendants deny that they had any "intent" to "highjack the Plaintiff Company and its' [sic] website for their own purposes." Defendants admit that Molli is a shareholder of Plaintiff.

## JURISDICTION AND VENUE

5. In answer to paragraph 5 of the Complaint, Defendants allege that the basis for the Court's jurisdiction constitutes legal argument and, as such, requires no response.

6. In answer to paragraph 6 of the Complaint, Defendants allege that the basis for the Court's venue constitutes legal argument and, as such, requires no response.

## JURY DEMAND

7.     In answer to paragraph 7 of the Complaint, Defendants allege that the request for a trial by jury constitutes legal argument and, as such, requires no response.

8.     In answer to paragraph 8 of the Complaint, Defendants admit.

9.     In answer to paragraph 9 of the Complaint, Defendants deny. Defendants were cut off from Plaintiff's resources as of January 6, 2021, and therefore believe that they have been terminated, but they have never received formal notice of that termination.

10.    In answer to paragraph 10 of the Complaint, Defendants deny. Defendants were cut off from Plaintiff's resources as of January 6, 2021, and therefore believe that they have been terminated, but they have never received formal notice of that termination.

## STATEMENT OF FACTS

11.    In answer to paragraph 11 of the Complaint, Defendants admits that Subverse, Inc. does business as SCNR.

12.    In answer to paragraph 12 of the Complaint, Defendants admit.

13.    In answer to paragraph 13 of the Complaint, Defendants admit.

14.    In answer to paragraph 14 of the Complaint, Defendants deny. Before Subverse, Inc. was even incorporated, Molli was acting as the sole reporter and producer for the company. Castoro was later hired to supervise Subverse, Inc.'s content creation, and was also tasked with setting up that company's infrastructure (e.g., insurance, legal counsel, hiring, contractor agreements, etc.).

15.    In answer to paragraph 13 of the Complaint, Defendants admit except as to "Rocco Castoro . . . has never held a seat on its Board of Directors"; in fact, Castoro was added as a Board member in April 2020.

16. In answer to paragraph 16 of the Complaint, Defendants admit.

17. In answer to paragraph 17 of the Complaint, Defendants deny. Only Molli attended the January 6, 2021 rally; this was ancillary to a separate investigative project she and Castoro were working on at the time. Pool never instructed Castoro nor Molli to stop the posting activity; rather, Pool told Molli to come to his house as soon as possible.

18. In answer to paragraph 18 of the Complaint, Defendants deny. Defendants never acted as if Subverse, Inc. and SCNR.com were "their own." Plaintiffs have always resided in California; Plaintiff's equipment was stored there and at Pool's residence. With respect to the return of Plaintiff's "equipment," Defendants have attempted to work with Plaintiff to facilitate the return certain physical equipment but, due to certain acts or omissions by Plaintiff, Pool, and their purported agents, have been unable to do so.

19. In answer to paragraph 19 of the Complaint, Defendants deny. Only Molli (not Castoro) had access to Plaintiff's bank accounts until January 6, 2021. Defendants never used Plaintiff's money "as if it were their own." Similarly, Molli never used Plaintiff's money "as if it were her own." Defendants deny that Molli made "unauthorized withdrawals and gave money or hired individuals" against the wishes of "Plaintiff's senior management."

20. In answer to paragraph 20 of the Complaint, Defendants deny. In fact, Defendants were wrongfully terminated by Plaintiff due to their raising numerous complaints about Timothy Pool's unlawful conduct.

21. In answer to paragraph 21 of the Complaint, Defendants deny that they "had made many unauthorized withdrawals for their own benefit."

Further, only Molli (not Castoro) had access to Plaintiff's bank accounts until January 6, 2021.

22. In answer to paragraph 22 of the Complaint, Defendants deny. Defendants have not "made overt efforts to take over the Plaintiff and its business through a series of bogus transactions."

23. In answer to paragraph 23 of the Complaint, Defendants admit. Defendants took this action in response to Pool attempting to remove Molli from the Board in an illegitimate board meeting and obstruct ongoing investigations by the U.S. Securities and Exchange Commission and Federal Bureau of Investigation.

## COUNT ONE

### (Fraud as against All Defendants)

24. In answer to paragraph 24 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

25. In answer to paragraph 25 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

26. In answer to paragraph 26 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

## COUNT TWO

### (Unjust Enrichment as against All Defendants)

27. In answer to paragraph 27 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

28. In answer to paragraph 28 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

## COUNT THREE

### (Bad Faith as against All Defendants)

29. In answer to paragraph 29 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

30. In answer to paragraph 30 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

31. In answer to paragraph 31 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

32. In answer to paragraph 32 of the Complaint, Defendants allege that it constitutes legal argument and, as such, requires no response.

## SPECIFIC AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

33. The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim of relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

34. Defendants allege that the Complaint, and any counter-claims thereto, should be tried in a different forum because an adequate alternative forum is available; the relevant public and private interests weigh in favor of dismissal; and Plaintiff can reinstate its suit in the alternative forum without undue inconvenience or prejudice.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

35. The Complaint, and each cause of action therein, are barred by the doctrine of laches and undue delay in giving notice to Defendants of the matters asserted in the Complaint and in commencing this litigation.

## FOURTH AFFIRMATIVE DEFENSE
## (Privilege or Justification)

36. The Complaint, and each cause of action therein, are barred because both by statute and by common law, Defendants were privileged and justified in acting as Defendants did and in making the statements and representations Defendants made to the persons to whom the statements and representations were made. Moreover, any and all conduct that is attributed to Defendants involved a just and proper exercise of management discretion undertaken for fair and honest reasons and regulated by good faith under the circumstances. Any purported injury to Plaintiff was privileged by a countervailing interest of Defendants. Accordingly, Defendants cannot be liable for Plaintiff's damages, if any there be.

## FIFTH AFFIRMATIVE DEFENSE
## (Waiver)

37. The Complaint, and each cause of action therein, are barred because Plaintiff by its conduct, statements, and/or admissions waived and is estopped from asserting or enforcing any claim in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
## (Estoppel)

38. By conduct, representations and omissions, Plaintiff is equitably estopped to assert any claim for relief against Defendants respecting the matters that are the subject of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
## (Consent)

39. The Complaint, and each cause of action therein, are barred because Plaintiff consented to the conduct of which it now complains.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40. The Complaint, and each cause of action therein, is barred by the equitable principle of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate or Report)

41. Plaintiff failed to mitigate or avoid its claimed damages, if any, and is therefore barred from recovering damages by way of the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

42. The Complaint, and each cause of action therein, are barred and should be denied because Defendants at all times acted in good faith and in a reasonable manner.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Needs)

43. Defendants is not liable to Plaintiff because Defendants' business practices allegedly giving rise to the claims and causes of action set forth in the Complaint were not unfair, unlawful, fraudulent, or in bad faith, but were instead justified by the legitimate business needs of Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Willful or Unlawful Conduct)

44. The Complaint, and each cause of action therein, fail to state facts that would support any restitution of any specific amount of money to Plaintiff. Defendants' conduct was not a willful violation of any law.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Recovery)

45. Although Defendants deny that Defendants have committed or have responsibility for any act that could support the recovery against

Defendants in this lawsuit, such recovery is barred if any, to the extent any such act is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eight Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

46.     Defendants are entitled to setoff and recoupment for monies owed by Plaintiff to Defendants, such that any offset amount is cancelled and Defendants is only obligated to pay Plaintiff the net amount of his damages, if any.

WHEREFORE, Defendants prays for judgment as follows:

1.     That Plaintiff take nothing by its Complaint;

2.     That Plaintiff's claims against Defendants be dismissed with prejudice;

3.     That Defendants be awarded costs of suit herein, including attorneys' fees; and

4.     That Defendants be granted such other and further relief as may be just and proper.

Dated: July 15, 2021                    By: _____
    EMILY MOLLI
In Pro Per

Dated: July 15, 2021                    By: _____
                                           ROCCO CASTORO
                                           In Pro Per

## DEMAND FOR JURY TRIAL

Defendants Emily Molli and Rocco Castoro hereby demand a trial by jury on all causes of action alleged in Plaintiff's Complaint.

Dated: July 15, 2021     By: *[signature]*
    EMILY MOLLI
In Pro Per

Dated: July 15, 2021     By: *[signature]*
    ROCCO CASTORO
In Pro Per